30 C.C.P.A.(Patents)

### In re STOVER.
### No. 4700.

Court of Customs and Patent Appeals.

Feb. 1, 1943.

920

Harry C. Alberts, of Chicago, Ill., for appellant.

W. W. Cochran, of Washington, D. C. (R. F. Whitehead, of Washington, D.C., of counsel), for Commissioner of Patents.

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, LENROOT, and JACKSON, Associate Judges.

JACKSON, Associate Judge.

This is an appeal from a decision of the Board of Appeals of the United States Patent Office affirming a decision of the Primary Examiner rejecting for want of patentability over the prior art all of the claims, 4 to 10 inclusive, of an application for a patent for alleged new and useful improvements in a "Method of Preparing Frozen Confections." Claims 4 and 6 are illustrative and read as follows:

4. A method of preparing a normally liquid material frozen to a substantially solid state with an air overrun therein which consists in forming the edible substances in uniform elongated polygonal units, placing a preformed unit in a receptacle having a body larger than the preformed edible unit, and then longitudinally compressing the edible unit against the receptacle to partially expel the air therefrom and transversely enlarge its body in cross-section to approximately receptacle size to impart a deformed contour to the frozen material.

6. A method of preparing a normally liquid material frozen to a substantially solid state with an air overrun therein which consists in forming the edible substances in uniform elongated polygonal units, and then longitudinally compressing the edible unit between a deformer and serving dish comprising complemental confining members to transversely enlarge its body in cross-section to approximately receptacle size to impart a substantially different contour to the frozen material.

The reference relied on is Vogt, 2,018,-751, October 29, 1935.

The alleged invention relates to a process for reforming the shape of a preformed block of frozen confection such as ice cream. The preformed block is usually in cylindrical form. The wrapper of such form is removed from the cylinder, which is placed in a receptacle shown in the drawing to be cup-shaped. Then by means of an instrument, the bottom end of which is a hollow hemisphere, the frozen cylinder is compressed to partially expel the air overrun, and after such compression the confection presents a spherical shape.

The reference discloses means whereby a cylindrical ice cream portion may be readily shaped to fit firmly into a cone of the usual size. The patentee states that his process of reforming the shape of the ice cream portion does not materially reduce the overrun. He also states that reduction of the overrun renders the ice cream less palatable.

The Primary Examiner considered that it involved only a matter of choice and not invention to select any particular shape desired in the finished product. In this connection the examiner stated as follows:

* * * When a particular finished shape is selected, the direction and extent of pressure necessary to deform the unit into this shape as well as the shape of the pressing tool is considered to be obvious. If the finished unit is to be flattened longitudinally and have a flat top, for example, it is obvious that a flat tool must be used and the pressure applied longitudinally. Likewise, if a pointed or cone-shaped product is desired, the tool must obviously be of this shape and pressure sufficient to deform the ice cream unit to the desired shape must be applied. Applicant desires a finished product having a spherical shape. It is considered obvious that to impart this shape the preformed unit must be deformed or pressed between hollow die members to mold the ice cream to this shape.

It is considered that the teaching in the patent of the idea of molding a preformed unit of ice cream to a different shape from the original by pressing, is a disclosure of

the method recited in the claims and that this method disclosed in the patent is the same regardless of the particular shape selected or the direction in which the pressure is applied to mold the unit.

The Board of Appeals, affirming the decision of the examiner, stated as follows:

Appellant urges patentability over the Vogt ice cream shaping device in that he employs a shaper which will compress as well as deform the ice cream to reduce the air overrun. Vogt does not intend to reduce the overrun but desires to reshape a block of ice cream to conform to the contour of an ice cream cone.

We find that only claim 4 is concerned with reducing the air overrun and the remaining claims are, in our opinion, substantially met by Vogt, the shape in which the ice cream is deformed being a matter of choice rather than of invention. However, we do not believe that claim 4 is patentable as Vogt refers to the air overrun and if it were desired to reduce such overrun, it would be obvious to change the shape of the forming device to compress the ice cream for this purpose.

Appellant states in his brief that "Ice cream as it leaves the freezer, is provided normally with an air overrun of 100%. It is not very dense nor possessed of the desired solidity for consumption with a spoon." Appellant contends that his method is patentable over the prior art for the reason that the prior art does not disclose a method for expelling the air of the overrun from the confection or to transversely enlarge its body in cross-section.

It is true that the ice cream of the reference is reformed so that the cylindrical block is tapered at one end so as to fit the cone, and also that the reference shows less pressure placed upon the block than in the application. The patentee uses less pressure than appellant because he was of the opinion that it was detrimental to materially reduce the overrun, while appellant thought it desirable to reduce the overrun from 100% to 70%.

The introduction of air into the ice cream increases its bulk and it is obvious that any compression of ice cream containing the overrun will result in a reduction of the air content. Whether or not such reduction is made, in our opinion it is clearly a matter of choice and certainly involves no invention. The final shape of the product obviously depends upon the form of the shaping means.

Appellant contends that the reference does not disclose a process, and that an apparatus does not anticipate a method even though it could be utilized to perform the process under consideration. In this connection he cites the case of *Carnegie Steel Co. v. Cambria Iron Co.*, 185 U.S. 403, 22 S.Ct. 698, 46 L.Ed. 968. In that case the Supreme Court held valid a patent for a method of mixing molten pig metal, where the alleged anticipations were machines intended for other purposes in the steelmaking art. We do not think that case is in point here. The Vogt patent here not only explains in detail how the cylinder of ice cream is reshaped, but includes three method claims for that process. The process claimed in the patent differs principally from appellant's process in setting out the shape of the final product intended to be obtained.

None of the claims herein, with the exception of claim 4, contain the imitation of partially expelling air from the confection. Those claims are clearly unpatentable over the reference, and we agree with the decision of the Board of Appeals that it does not involve invention to compress the frozen confection by partially expelling air therefrom as recited in claim 4.

The decision of the Board of Appeals is affirmed.

Affirmed.